UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
ELBA L.M.,

                Plaintiff,        <u>DECISION AND ORDER</u>
                                   1:25-CV-02389-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
--------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In March of 2022, Plaintiff Elba L.M.[1] applied for Disability Insurance

Benefits under the Social Security Act. The Commissioner of Social

Security denied the application.  Plaintiff, represented by Dennis Kenny

Law, Josephine Gottesman, Esq., of counsel, commenced this action

seeking judicial review of the Commissioner's denial of benefits under 42

U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction

of a United States Magistrate Judge. (Docket No. 10).

This case was referred to the undersigned on March 4, 2026.

Presently pending is Plaintiff's Motion for Remand for Further

Administrative Proceedings, which the Court construes as a motion for

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

judgment on the pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 17). For the following reasons, Plaintiff's motion is due to be denied, and this case is dismissed.

## I. BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on March 10, 2022, alleging disability beginning November 30, 2021. (T at 10).[2]  Plaintiff's application was denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on September 25, 2023, before ALJ Laura Michalec Olszewski. (T at 72-108). Plaintiff appeared with an attorney and testified. (T at 80-102). The ALJ also received testimony from Linda Vause, a vocational expert. (T at 102-106).

### B.    ALJ's Decision

On April 25, 2024, the ALJ issued a decision denying the application for benefits. (T at 7-31).  The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2026 (the date last insured) and had not engaged in substantial gainful activity since November 30, 2021 (the alleged onset date). (T at 12).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 16.

The ALJ concluded that Plaintiff's degenerative disc disease, arthritis, anxiety disorder, depressive disorder, posttraumatic stress disorder (PTSD), chronic pain syndrome, and headaches/migraines were severe impairments as defined under the Act. (T at 12-13).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 13).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she can lift and or carry 20 pounds occasionally and 10 pounds frequently; sit for six hours in an eight-hour workday; stand and or walk for six hours in an eight-hour workday; occasionally climb ramps, stairs, ladders, and scaffolds; frequently balance; occasionally stoop, kneel, crouch, and crawl; occasionally reach overhead; and frequently reach, push, and pull in all other directions up to the limits of light work. (T at 16).

The ALJ further found that Plaintiff needed to work in a "low stress" environment, defined as work involving only occasional use of judgment, decision-making, and changes in work setting, with no more than simple and routine tasks required. (T at 16).

The ALJ concluded that Plaintiff could not perform her past relevant work as a customer service clerk, clerical associate, or medical assistant. (T at 24).

However, considering Plaintiff's age (47 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform.  (T at 24-25).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between November 30, 2021 (the alleged onset date) and April 25, 2024 (the date of the ALJ's decision). (T at 24-25).

On January 24, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C.    *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on March 21, 2025. (Docket No. 1).  On July 31, 2025, Plaintiff filed a motion for remand for further administrative proceedings, supported by a memorandum of law. (Docket Nos. 17, 18).  The Commissioner  on

August 29, 2025, interposed a brief in opposition to the motion and requesting judgment on the pleadings. (Docket No. 19).

## II. APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which

conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.    Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.    DISCUSSION

Plaintiff raises two main arguments in support of her request for reversal of the ALJ's decision.  First, she challenges the ALJ's RFC

determination.  Second, Plaintiff argues that the ALJ's step five analysis is flawed.  The Court will address each argument in turn.

*A.    RFC*

A claimant's "residual functional capacity" ("RFC") is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis."  *Melville*, 198 F.3d at 52 (quoting SSR 96-8p).

When assessing a claimant's RFC, an ALJ must consider medical opinions regarding the claimant's functioning and make a determination based on an assessment of the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity...the final responsibility for deciding these issues is reserved to the Commissioner.").

As discussed above, the ALJ determined that Plaintiff retained the RFC to perform a reduced range of light work. (T at 16).  Plaintiff challenges this conclusion, pointing to evidence she argues shows greater impairment in her physical and mental functioning.

The Court finds the ALJ's RFC determination is supported by substantial evidence both with respect to Plaintiff's physical and mental functioning.

### 1. Physical Functioning

The ALJ's conclusion that Plaintiff can meet the physical demands of a reduced range of light work is supported by medical opinion evidence

Dr. Angelotti, a non-examining State Agency review physician, opined that Plaintiff could stand and/or walk for six hours in an eight-hour workday; sit for six hours in an eight-hour workday; lift and/or carry 20 pounds occasionally and 10 pounds frequently; occasionally balance, stoop, kneel, crouch, crawl, and reach overhead bilaterally; occasionally climb ramps, stairs, ladders, ropes and scaffolds; and frequently balance. (T at 118-21).

Dr. Rosenthal, another State Agency review physician, concluded that Plaintiff was limited to standing/walking for 4 hours in an 8-hour workday, but otherwise made essentially the same assessment as Dr. Angelotti. (T at 141-44).

Dr. Michael Healy performed a consultative orthopedic examination in July of 2022. He diagnosed chronic neck pain, probable cervical spinal intervertebral disc disruption with radiating pain to both upper extremities,

9

lower back pain, and possible lumbar spine intervertebral disc disruption. (T at 510).  Dr. Healy opined that Plaintiff had mild limitation with respect to standing, walking, bending, lifting, and climbing stairs; along with moderate impairment in her ability to reach, grasp, and hold objects. (T at 510).

The ALJ found the opinions of the consultative examiner and State Agency review physicians persuasive, generally consistent with each other, and supported by the record. (T at 17).

The ALJ also relied on a reasonable reading of the record, including imaging studies and clinical examination findings.  (T at 20).  Although diagnostic imaging revealed some positive signs, a cervical MRI showed no significant disc herniation or central canal stenosis. (T at 416-17, 421).  On examination, Plaintiff demonstrated pain and some decreased lumbar range of motion, but displayed normal gait, posture, and balance; normal cervical flexion and extension; and full muscle strength. (T at 420-21, 429-30, 441-42, 462-63, 475-76, 563).

The ALJ gave appropriate consideration to Plaintiff's activities of daily living, which included household chores, exercise, pet care, travel, and personal care. (T at 23, 81-82, 90, 624, 802, 809, 814, 817, 821).

Plaintiff challenges the ALJ's determination by pointing to evidence of pain and limitation in her physical functioning.

While Plaintiff's impairments limit her ability to meet the physical demands of basic work activity the ALJ did not dismiss this evidence, but instead, found Plaintiff limited to a reduced range of light work. (T at 16). "[D]isability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

Here, as discussed above, the ALJ offered specific support for her assessment of Plaintiff's physical functioning, including a reasonable reading of the treatment notes and clinical assessments, an appropriate reconciliation of the medical opinion evidence, and proper consideration of the activities of daily living.

This is sufficient to sustain the determination under the deferential standard of review applicable here. *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable

11

factfinder would *have to conclude* otherwise.") (emphasis in original) (citation and internal quotation marks omitted).

### 2. Mental Functioning

The ALJ determined that Plaintiff retained the RFC to meet the mental demands of a reduced range of work.

Specifically, the ALJ concluded that Plaintiff could work in a "low stress" environment, defined as an environment that involves only occasional use of judgment, decision-making, and changes in the work setting, with no more than simple and routine tasks required. (T at 16).

The ALJ's decision is supported by the medical opinion evidence.

Dr. Brown and Dr. Penny, non-examining State Agency review physicians, assessed moderate limitation in Plaintiff's ability to concentrate, persist, and maintain pace; mild impairment as to social interaction; and mild limitation in adapting or managing herself. (T at 116, 121-25, 138, 144-48).

Dr. Ruby Phillips performed a consultative psychiatric evaluation in May of 2022. She diagnosed generalized anxiety disorder with panic attacks. (T at 803). Dr. Phillips assessed no limitation in Plaintiff's ability to understand, remember, or apply directions and instructions; no limitation in her capacity to use reason and judgment to make work-related decisions;

no limitation with respect to social interaction; no limitation as to sustaining an ordinary routine and regular attendance; and marked impairment regulating emotions, controlling behavior, and maintaining well-being. (T at 802).

The ALJ considered the foregoing assessments were generally persuasive, but concluded that Plaintiff was somewhat more limited than the State Agency review physicians believed and somewhat less impaired than Dr. Healy found. (T at 18, 22). *See Trepanier v. Comm'r of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018)(holding that the ALJ may reach a determination that "does not perfectly correspond with any of the opinions of medical sources," provided the overall assessment is supported by substantial evidence and consistent with applicable law); *see also Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999)(noting that "the ALJ's RFC finding need not track any one medical opinion").

In reaching this conclusion, the ALJ relied on a reasonable reading of the treatment record. (T at 21-23). Mental status examinations documented depression and anxiety but did not evidence serious psychiatric symptoms. (T at 809-23). Dr. Phillips's examination found appropriate effect, neutral mood, appropriate orientation, intact attention

and concentration, normal memory, average cognitive functioning, and fair insight and judgment. (T at 801-802).

The ALJ also considered Plaintiff's activities of daily living, (T at 23), including evidence that Plaintiff maintains family relationships, manages her money, travels, and engages in social activities. (T at 81-82, 624, 802). *See, e.g., Knief v. Comm'r of Soc. Sec*., No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Burchette v. Comm'r of Soc. Sec*., No. 19 CIV. 5402 (PED), 2020 WL 5658878, at *10 (S.D.N.Y. Sept. 23, 2020)("In sum, Dr. Phillips' opinion, combined with largely unremarkable mental status examination findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.").

Plaintiff challenges the ALJ's decision by pointing to evidence of additional limitation in her mental functioning.  As was the assessment with Plaintiff's physical abilities, the ALJ recognized evidence of impairment and, accordingly, restricted Plaintiff to low stress work. (T at 16).

This is sufficient under the deferential standard of review applicable here. *See Duffy v. Comm'r of Soc. Sec.,* No. 17CV3560GHWRWL, 2018 WL 4376414, at *18 (S.D.N.Y. Aug. 24, 2018), *report and recommendation adopted,* No. 1:17-CV-3560-GHW, 2018 WL 4373997 (S.D.N.Y. Sept. 13, 2018)("Mild or moderate limitations in concentration do not necessarily establish that a claimant is disabled, particularly where the ALJ limits the scope of work to unskilled, repetitive work.")(collecting cases); *see also Campos v. Saul*, No. 18CV9809 (DF), 2020 WL 1285113, at *23 (S.D.N.Y. Mar. 18, 2020); *Stonick v. Saul*, No. 3:19-CV-01334 (TOF), 2020 WL 6129339, at *13 (D. Conn. Oct. 19, 2020).

### B.    Step Five Analysis

At step five of the sequential analysis, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy.  The Commissioner bears the burden of proof at this step. *See Butts*, 416 F.3d at 103; 20 C.F.R. § 404.1560(c)(2).

In the present case, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 24-25).

In reaching this conclusion, the ALJ relied on the opinion of a vocational expert, who testified that a hypothetical claimant with the

15

limitations set forth in the RFC determination could perform the representative occupations of office helper, photocopy machine operator, and routing clerk. (T at 25, 105).

Plaintiff argues that the ALJ's step five analysis is flawed because (1) the office helper and photocopy machine operator positions do not exist in significant numbers and (2) the hypothetical presented to the vocational expert did not include additional limitations, which would preclude performance of the routing clerk job.

The Social Security Act and Commissioner's regulations do not "provide a definition for a 'significant' number of jobs." *Koutrakos v. Colvin*, No. 3:13-CV-1290 (JGM), 2015 WL 1190100, at *21 (D. Conn. Mar. 16, 2015).

Courts have held, however, that the "significant number" threshold is "fairly minimal," and they are "generally guided by numbers that have been found 'significant' in other cases." *See Hamilton v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 223, 229-30 (N.D.N.Y. 2015)(collecting cases).

While there is authority to suggest that 4,000-5,000 jobs are not a significant number, *see id.*, a total number over 17,000 is considered sufficient to satisfy the Commissioner's step five burden. *See Mota v. Comm'r of Soc. Sec.*, No. 20-CV-07294 (SN), 2022 WL 464098, at *12

(S.D.N.Y. Feb. 15, 2022)(9,600 jobs is a significant number); *Hanson v. Comm'r of Soc. Sec.*, No. 15-CV-150 (GTS) (WBS), 2016 WL 3960486, at *13 (N.D.N.Y. June 29, 2016) (finding that national numbers from 9,000 and up was "significant"), *adopted by Hanson v. Colvin*, 2016 WL 3951150 (N.D.N.Y. July 20, 2016); *Gray v. Colvin*, No. 12-CV-6485L, 2014 WL 4146880, at *6 (W.D.N.Y. Aug. 19, 2014)(16,000 jobs is significant).

Here, the representative occupations identified by the vocational expert total 38,242 positions – office helper (6,951), photocopy machine operator (6,199), and routing clerk (25,092). (T at 105). This comfortably meets the significant numbers threshold.

Moreover, the routing clerk position alone would meet the requirement, as the ALJ was only required to identify one representative occupation that exists in significant numbers. *See Bavaro*, 423 F. App'x at 384 ("The Commissioner need show only one job existing in the national economy that Bavaro can perform."); *Angi W. v. Comm'r of Soc. Sec.*, No. 21-CV-0557 (CJS), 2023 WL 2595008, at *11 (W.D.N.Y. Mar. 22, 2023)("[A]lthough vocational experts customarily offer three jobs that a claimant perform as part of their testimony, the ALJ does not have a corresponding duty to find that each of the three jobs offer significant numbers of jobs in the national economy: one occupation is sufficient.");

17

*Crespo v. O'Malley*, No. 22 CIV. 954 (SLC), 2024 WL 1255431, at *8 (S.D.N.Y. Mar. 25, 2024).

Lastly, Plaintiff's contention that the ALJ should have incorporated additional limitations into the hypothetical presented to the vocational expert is a restatement of her other challenges to the ALJ's RFC determination, which the Court finds unavailing for the reasons outlined above. *See Wavercak v. Astrue*, 420 F. App'x 91, 95 (2d Cir. 2011)("Because we have already concluded that substantial record evidence supports the RFC finding, we necessarily reject Wavercak's vocational expert challenge.").

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand for Further Administrative Proceedings, which the Court construes as a motion for judgment on the pleadings (Docket No. 17) is DENIED; the Commissioner is GRANTED Judgment on the Pleadings; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: March 16, 2026                    *s/ Gary R. Jones*
                                         GARY R. JONES
                                         United States Magistrate Judge

18